HENRY KRONE v. JOHN KRONE.

*Retrospective operation of Statutes of Limitation—Comp. L., § 7153.*

Act 145 of 1871, amended the statute of limitations so as to run against Canadians as well as domestic creditors, but allowed one year from the time when the act would take effect for bringing suit on all claims that it would otherwise bar at once. Comp. L. § 7153. *Held* valid in its retrospective operation, because it clearly fixed the date of limitation.

Error to Huron.    Submitted June 20.    Decided Oct. 9.

ASSUMPSIT.    The facts are in the opinion.

*Winsor & Snover* (on brief) for plaintiffs in error.    Statutes of limitation may be given a retroactive effect if the time limited is definite and reasonable. *Ludwig v. Stewart,* 32 Mich., 29; *Price v. Hopkin,* 13 Mich., 318; *Smith v. Morrison,* 22 Pick., 430; *Bank of Alabama v. Dalton,* 9 How., 522; Cooley's Const. Lim., 364–6, 370, n. 1; 3 Pars. Cont., 557, n.    They have been held to affect only the remedy, and not to form a part of the contract.    *Winston. v. McCormick,* 1 Cart. (Ind.), 56.

*James H. Hall* and *Geo. S. Engle* for defendant in error. A statute of limitations does not embrace causes of action that existed before it was passed.    *Hull v. Minor,* 2 Root (Conn.), 223; *Moore v. McLendon,* 10 Ark, 512; *Central Bank v. Solomon,* 20 Ga., 408; *Thompson v. Alexander,* 11 Ill., 54; *Ashbrook v. Quarles,* 15 B. Mon., 20; *Stine v. Bennett,* 13 Minn., 153; *Carothers v. Hurley,* 41 Miss., 71; *Paddleford v. Dunn,* 14 Mo., 517.    See also *Stambaugh v. Snoblin,* 32 Mich., 297; *Conrad v. Nall,* 24 Mich., 278; *Erskine v. Messicar,* 27 Mich., 84; *Perry v. Hepburne,* 4 Mich., 167; *Lastly v. Cramer,* 2 Doug. (Mich.), 310; *Sayre v. Wisner,* 8 Wend., 661; *Calkins v. Calkins,* 3 Barb., 306.

COOLEY, C. J.    The opinion in the case of *People ex rel.*

*Parsons v. The Circuit Judge of Wayne Circuit, ante* p. 288, disposes of this case. The cause of action was a promissory note, falling due in 1863 or 1864. At that time the plaintiff resided in Canada, and by the statute of limitations then in force he was exempted on that ground from its provisions. He came to this State early in 1871, where the defendant then resided. The suit was brought in 1875. By an amendment to the statute adopted in April, 1871, persons resident within the British Provinces of North America were placed on the same footing with residents within the United States, and subjected to the same six years limitation in the case of actions of assumpsit, with a proviso that "if any person not already barred by the provisions of law heretofore existing, from maintaining any of said actions, shall be barred according to the foregoing provisions of this enactment therefrom, then such person may bring such action within one year after this act shall take effect, and not afterwards." The effect of this amendment was to limit the time for bringing suits by persons situated as was this plaintiff, to one year from the time when the act took effect, if six years had previously elapsed since the cause of action accrued. As has been said in the case above referred to, we have no doubt this was competent. As the circuit court held otherwise, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.